UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SOPHIA M. CAPETILLO,

    Defendant.

Case No. 2:15-cr-117 (1)
CHIEF JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Sophia M. Capetillo's Motion for Sentence Reduction [ECF No. 66]. On January 22, 2016, after pleading guilty to one count of conspiracy to possess with intent to distribute cocaine, Defendant was sentenced to 20 months of incarceration and 3 years of supervised release. (J. in a Crim. Case at 1–3 [ECF No. 59].)

Defendant seeks a reduction in her sentence under Amendment 794 to the United States Sentencing Guidelines ("U.S.S.G."). Section 3B1.2 of the U.S.S.G. allows a court to reduce the offense level of a defendant who was a "minimal" or "minor" participant in the offense of conviction. Amendment 794, which went into effect on November 1, 2015, altered § 3B1.2's application notes to provide additional guidance to sentencing courts in determining whether a § 3B1.2 mitigating role adjustment should apply. *See United States v. Moore*, No. 3:06-cr-012, 2017 WL 213042, at *1 (E.D. Tenn. Jan. 18, 2017).

Once a sentence has been imposed, 18 U.S.C. § 3582(c) generally prohibits a district court from modifying the sentence. A district court may only modify a final sentence (1) upon motion by the Director of the Federal Bureau of Prisons; (2) where the defendant's sentencing range has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §

994(o) and a reduction is consistent with applicable policy statements issued by the Commission; or (3) to the extent expressly permitted by statute or by Federal Rule of Criminal Procedure 35. *See* 18 U.S.C. § 3582(c).

None of the exceptions listed in § 3582(c) are applicable here. Defendant implies that the Sentencing Commission subsequently lowered her sentencing range through Amendment 794. She is mistaken. Amendment 794 went into effect nearly three months *before* Defendant was sentenced. And even if Amendment 794 had subsequently lowered her sentencing range, the amendment would not benefit Defendant given that the Commission's relevant policy statement, U.S.S.G. § 1B1.10, does not list Amendment 794 as an amendment that can be applied retroactively. *See, e.g.*, *Moore*, 2017 WL 213042, at *1–2 (concluding that a motion for sentence reduction under Amendment 794 was not "'consistent with applicable policy statements issued by the Sentencing Commission'" and that § 3582(c) therefore prohibited the court from granting a sentence reduction under Amendment 794 (quoting 18 U.S.C. § 3582(c)(2)); *Johnson v. United States*, Nos. 2:16-cv-528, 2:10-cr-185, 2016 WL 6084018, at *2 (S.D. Ohio Oct. 17, 2016) (holding that Amendment 794 is not retroactively applicable on collateral review); *Aguas-Landaverde v. United States*, Nos. 2:16-cv-00854, 2:15-cr-00183(2), 2016 WL 5341799, at *2 (S.D. Ohio Sept. 23, 2016) (same).

Because the Court cannot grant a sentence reduction under Amendment 794, Defendant's Motion [ECF No. 66] is **DENIED**.

**IT IS SO ORDERED.**

_10-11-2017_
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**